LAWRENCE BREWSTER
Regional Solicitor
SUSAN GILLETT KUMLI
Counsel for Safety and Health
**ISABELLA M. FINNEMAN**
Senior Trial Attorney
California State Bar No. 172782
Office of the Solicitor
United States Department of Labor
90 Seventh Street, Suite 3-700
San Francisco, California 94105
Telephone: (415) 625-7749
Facsimile: (415) 625-7772
E-mail: finneman.isabella@dol.gov

Attorneys for Applicant HILDA L. SOLIS,
Secretary of Labor, U.S. Department of Labor



UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| *In the Matter of:*<br><br>Establishment Inspection of<br>**DESERT DIAMOND CASINO,**<br>owned by The Tohono O'odham Nation.<br><br>7350 S. Nogales Highway<br>Tucson, AZ 85756 | CIVIL ACTION NO.<br>**CIV 10-501-TUC HCE**<br><br>MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR INSPECTION WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970 |

COMES NOW the Secretary of Labor, United States Department of Labor, acting through the Occupational Safety and Health Administration ("OSHA"), by and through the undersigned attorneys of record, and submits the following Memorandum of Law in Support of her application to this Court for an inspection warrant pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, (hereinafter "the Act").

Desert Diamond Casino ("the employer"), a corporation wholly owned by the Tohono O'odham Nation ("Tohono O'odham Nation"), is engaged in the operation of a worksite located at 7350 S. Nogales Highway, Tucson, Arizona, which is within the jurisdiction of this Court. The employer operates a casino within the gaming industry. The Secretary is informed and believes that the aforesaid worksite houses the workplace

of employees who are employed by an employer believed to be engaged in a business affecting commerce. The employer employs both Indians and non-Indians.

On January 11, 2010, June 2, 2010, and July 22, 2010, OSHA received complaints from three different employees of the Desert Diamond Casino stating that ozone levels at the employer's worksite may be above the permissible exposure limit. A letter was sent to the Desert Diamond Casino following the January 11, 2010 and June 2, 2010 complaints notifying it that OSHA was conducting an inquiry into the percentage of ozone that is pumped into the casino. OSHA was satisfied with the employer's response until it received yet another complaint on July 22, 2010.

On July 29, 2010, a duly authorized compliance officer of the Occupational Safety and Health Administration, United States Department of Labor, pursuant to and in accordance with the Act, presented herself to the manager on duty, the general manager, construction manager, safety manager, and legal counsel, to conduct an investigation pursuant to the Act. She was denied entry to conduct her investigation and told to produce a warrant for inspection.

## ARGUMENT

A.   THE ACT AUTHORIZES THE ISSUANCE OF *EX PARTE* WARRANTS

Congress enacted the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-78 (hereinafter "the Act"), in furtherance of the expressed Congressional purpose ". . . to assure so far as possible every working man and woman in the nation safe and healthful working conditions and to preserve our human resources . . . ." 29 U.S.C. § 651(b). Under Section 5 of the Act, each employer is under the duty to provide safe and healthful employment free from recognized hazards and in compliance with the safety and health standards promulgated under the Act. *See* 29 U.S.C. § 654. An "employer" is defined in Section 3(5) of the Act as including any "person engaged in a business affecting commerce who has employees." *See* 29 U.S.C. § 652(5).

The administration and enforcement of the Act is vested in the Secretary of Labor. Section 8(a) of the Act authorizes the physical entry by representatives of the Secretary

into worksites for the purpose of conducting safety and health inspections. *See* 29 U.S.C. § 657(a). Section 8(a) reads as follows:

> In order to carry out the purposes of the Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge is authorized –
> (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site or other area, workplace or environment where work is performed by an employee of an employer; and
> (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

Under the authority of section 8(g)(2) of the Act to prescribe "regulations dealing with the inspection of an employer's establishment" the Secretary of Labor has promulgated 29 C.F.R. § 1903.4, authorizing the Area Director of the Occupational Safety and Health Administration or his designee to obtain compulsory process to conduct an inspection, including ex parte application for an inspection warrant.

The Court has jurisdiction for the ex parte issuance of an administrative inspection warrant under section 8(a) of the Act, 29 U.S.C. § 657(a). *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816 (1978); *Marshall v. W and W Steel Co., Inc.*, 604 F.2d 1322 (10th Cir. 1979). Probable cause for the issuance of an administrative warrant under section 8(a) of the Act may be based either upon specific evidence of an existing violation or upon a showing that the proposed inspection is pursuant to an administrative plan containing specific neutral criteria. *Marshall v. Barlow's Inc.*, 436 U.S. at 319, 98 S.Ct. at 1824; *Martin v. International Matex Tank Terminals – Bayonne*, 928 F.2d 614, 622 (3rd Cir. 1991).

When an employer refuses to allow the required inspection, an *ex parte* warrant is appropriate. 29 C.F.R. § 1903.4. *E.g., Marshall v. Barlow's Inc.*, 436 U.S. at 316-320; *Reich v. Kelly-Springfield Tire Co.*, 13 F.3d 1160, 1162-64 (7th Cir. 1994); *Stoddard Lumber Co., Inc. v. Marshall*, 627 F.2d 984, 989-90 (9th Cir. 1980). Under the authority

of Section 8(g)(2) of the Act, 29 U.S.C. § 657(g)(2), to prescribe "regulations dealing with the inspection of an employer's establishment," the Secretary has authorized the OSHA Area Director or his designee to obtain compulsory process to conduct an inspection, including *ex parte* application for an inspection warrant. *See* 29 C.F.R. § 1903.4.

Indian tribe-owned commercial businesses, such as Desert Diamond Casino, are subject to the Act. *See U.S. Dept. of Labor v. Occupational Safety & Health Review Com'n (Warm Springs Forest Products Industries)*, 935 F.2d 182, 185-87 (9th Cir. 1991); *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985); *see also Reich v. Mashantucket Sand & Gravel*, 95 F.3d 174, 180 (2nd Cir. 1996) (following *Coeur d'Alene* standard).

B.  SUFFICIENT ADMINSTRATIVE PROBABLE CAUSE EXISTS FOR THE ISSUANCE OF AN INSPECTION WARRANT.

In *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978), the Supreme Court held that the warrant requirement of the Fourth Amendment is applicable to nonconsensual OSHA inspections and that OSHA inspection warrants shall be issued only upon "administrative probable cause":

> Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an .... inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court*, 387 U.S. 523, 538 (1967). *Barlow's*, 436 U.S. at 320-21.

To establish "specific evidence" administrative probable cause, the Secretary's warrant application need not establish the level of probable cause required in a criminal setting. The application need only "provide enough specific evidence to support a reasonable suspician that an OSHA violation is occurring." *In re Establishment*

*Inspection of Midwest Instruments Co.*, 900 F.2d 1150, 1154 (7th Cir. 1990). *See also International Matex Tank Terminals, infra*, 928 F.2d at 624-625; *West Point-Pepperell, Inc.*, 689 F.2d 950,958 (11th Cir. 1982); *Marshall v. Horn Seed Co.*, 647 F.2d 102 (10th Cir. 1981); *Donovan v. Blue Ridge Pressure Castings, Inc.*, 543 F.Supp. 53, 58 (M.D. Pa. 1981).

OSHA has received evidence supporting a reasonable suspicion that one or more OSHA violations are occurring. The accompanying affidavit of Nancy McCormick, Acting Assistant Regional Administrator, describes the evidence received by OSHA as follows:

On January 11, 2010, June 2, 2010, and July 22, 2010, OSHA received complaints from three different employees of the Desert Diamond Casino alleging that ozone levels at the employer's worksite may be above the permissible exposure limit. A letter was sent to the Desert Diamond Casino following the January 11, 2010 and June 2, 2010 complaints notifying Desert Diamond that OSHA was conducting an inquiry into the percentage of ozone that is pumped into the casino. OSHA was satisfied with the employer's response until it received yet another complaint on July 22, 2010.

On July 29, 2010, at the aforesaid location, a duly authorized compliance officer of the Occupational Safety and Health Administration, United States Department of Labor, pursuant to and in accordance with the Act, presented herself to the owners, operators, or agents in charge thereof for the purpose of conducting a safety and health inspection at said location under the authority of the Act. At the attempt to carry out such purpose, the representative was refused entry upon the premises by persons representing the employer.

Based on her experience with OSHA, the Acting Assistant Regional Administrator for Enforcement Programs believes that further investigation will likely lead to evidence of hazards existing on Desert Diamond Casino's premises in violation of Section 5 of the Act. *See* Declaration of Nancy McCormick. This is enough evidence to meet the more relaxed standard that applies to establish administrative probable cause,

and the court should grant the warrant application.

C.  **THE SECRETARY IS ENTITLED TO OBTAIN AN INSPECTION WARRANT *EX PARTE*.**

The Secretary is entitled to seek and obtain an *ex parte* warrant for inspection purposes where right of entry has been refused. *See* 29 C.F.R. § 1903.4. The regulation states: "Ex parte inspection warrants shall be the preferred form of compulsory process in all circumstances where compulsory process is relied upon to seek entry to a workplace under this section." 29 C.F.R. § 1903.4(d). The Ninth Circuit upheld this right in *Stoddard*, 627 F.2d at 989-90 (citing *Barlow's*, 436 U.S. at 316-21), holding that "surprise searches" were authorized by the act and "contemplated" by the regulations. *Id.* As stated earlier herein, the Act (29 U.S.C. § 666(f)) and OSHA regulations (29 C.F.R. § 1903.6) prohibit advance notice of inspections, with very few narrow exceptions. An employer retains a right to challenge OSHA's inspection warrant following the inspection, *e.g. Trinity Marine Services, Inc. v. Chao*, 512 F.3d 198 (5th Cir. 2007) and *National Engineering*, 45 F.3d at 479-81. The right to an *ex parte* warrant for inspection is necessary to the fulfillment of the Secretary's enforcement duties under the Act.

## CONCLUSION

For the foregoing reasons, the Secretary of Labor respectfully requests that this Court issue an Ex Parte Warrant for Inspection of Desert Diamond Casino in the form that is annexed hereto.

Dated: August 12, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

SUSAN GILLETT KUMLI
Counsel for Safety and Health

*Isabella M. Finneman*
ISABELLA M. FINNEMAN
Senior Trial Attorney
U.S. DEPARTMENT OF LABOR
Attorneys for Applicant