1  LAWRENCE BREWSTER
   Regional Solicitor
2  SUSAN GILLETT KUMLI
   Counsel for Safety and Health
3  **ISABELLA M. FINNEMAN**
   Senior Trial Attorney
4  California State Bar No. 172782
   Office of the Solicitor
5  United States Department of Labor
   90 Seventh Street, Suite 3-700
6  San Francisco, California 94105
7  Telephone:  (415) 625-7749
   Facsimile:  (415) 625-7772
8  E-mail: finneman.isabella@dol.gov

9  Attorneys for Applicant HILDA L. SOLIS,
   Secretary of Labor, U.S. Department of Labor
10



11              UNITED STATES DISTRICT COURT

12                  DISTRICT OF ARIZONA

13  *In the Matter of:*                   ) CIVIL ACTION NO.
14                                        )  CIV10-501-TUC HCE
                                          )
15  Establishment Inspection of:          ) **DECLARATION OF NANCY**
    **DESERT DIAMOND CASINO**             ) **MCCORMICK**
16  owned by The Tohono O'odham Nation.   ) **(IN SUPPORT OF *EX PARTE***
                                          ) **APPLICATION FOR INSPECTION**
17  7350 S. Nogales Highway               ) **WARRANT UNDER THE**
    Tucson, AZ 85756                      ) **OCCUPATIONAL SAFETY AND**
18                                        ) **HEALTH ACT OF 1970)**
                                          )
19  _____      )

20       I, Nancy McCormick, hereby depose and state as follows:

21       1.    I am the Acting Assistant Regional Administrator for Enforcement Programs of

22  the Occupational Safety and Health Administration (OSHA), United States Department of Labor,

23  San Francisco Regional Office (Region IX), located at 90 Seventh Street, 18th Floor, San

24  Francisco, California.

25       2.    In my capacity as the Acting Assistant Regional Administrator for Enforcement

26  Programs, my duties and responsibilities include the supervision of Compliance Safety and

27  Health Officers in their inspections of workplaces, and the issuance of citations for

28  noncompliance with the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C.

1   §§ 651-678, as a designated representative of the Secretary of Labor in enforcement of the Act.  I

2   also am responsible for scheduling the assignments of the individual inspectors engaged in

3   enforcement activity within the Region and the selection of individual work establishments to be

4   inspected pursuant to Section 8 of the Occupational Safety and Health Act of 1970.  I have been

5   employed by OSHA since 1990.

6       3.      Upon information and belief, Desert Diamond Casino ("the employer"), a

7   corporation wholly owned by the Tohono O'odham Nation ("Tohono Nation"), is engaged

8   in the operation of a worksite located at 7350 S. Nogales Highway, Tucson, Arizona,

9   which is within the jurisdiction of this Court.

10      4.      The employer operates a casino within the gaming industry.  Upon information

11  and belief, the aforesaid worksite houses the workplace of employees who are employed by an

12  employer believed to be engaged in a business affecting commerce and subject to the

13  requirements of Section 3(3) the Act, 29 U.S.C. § 652(3).

14      5.      Upon information and belief, the employer employs both Native Americans and

15  non-Native Americans.

16      6.      Section 8(a) of the Act, 29 U.S.C. § 657(a), and 29 C.F.R § 1903.3 authorizes a

17  representative of OSHA:  to enter without delay, and at reasonable times, any factory, plant,

18  establishment, construction site, or other area, workplace or environment where work is

19  performed by an employee of an employer; to inspect and investigate during regular working

20  hours and at other reasonable times, and within reasonable limits and in a reasonable manner,

21  any such place of employment, and all pertinent conditions, structures, machines, apparatus,

22  devices, equipment and materials therein; to question privately any employee, owner, operator,

23  agent or employer; to take photographs, video recordings, measurements and environmental

24  samples; and to review records required by the Act and regulations, and other records which are

25  directly related to the purpose of the inspection.

26      7.      Such inspections are scheduled and conducted on the basis of administrative

27  instructions and are of two basic types:  programmed and unprogrammed.

28      8.      Programmed inspections are those in which an establishment is scheduled for

1  inspection based upon objective or neutral selection criteria pursuant to administrative
2  instructions that are promulgated by an OSHA National, Regional, and/or Area Office in order to
3  achieve wide dispersion of inspection activity, enforcement penetration into many different types
4  of industries and employment, and allocation of resources primarily to high hazard sections of
5  employment.

6      9.      Unprogrammed inspections include: complaint, referral, and follow-up
7  inspections; imminent danger and fatality/catastrophe investigations; and other situations in
8  which probable hazards or violations are observed or brought to the attention of the Area Office.
9  Unprogrammed inspections, including complaint inspections, are scheduled with certain
10  priorities according to OSHA Instructions CPL 02-00-140 and CPL 09-00-148 and various
11  OSHA Local Emphasis Programs.

12      10.      On January 11, 2010, June 2, 2010 and July 22, 2010, OSHA received complaints
13  from three different employees of the Desert Diamond Casino stating that ozone levels at the
14  employer's worksite may be above the permissible exposure limit at the Desert Diamond Casino.
15  Each of the complaints state that the casino is pumping ozone into the casino through the air
16  conditioning/filtering system to remove smoking odors throughout the casino.  The employees
17  complain of headaches and nausea as a result of the ozone in the air.

18      11.      Section 8(f) of the Act, 29 U.S.C. § 657(f), requires the Secretary to conduct an
19  inspection if, upon receiving an employee complaint alleging the existence of serious safety or
20  health violations at the place of employment, the Secretary or her authorized representative
21  concludes there are reasonable grounds to believe such violation or danger exists.  A letter was
22  sent to the Desert Diamond Casino following the January 11, 2010 and June 2, 2010 complaints
23  notifying Desert Diamond Casino that OSHA had received a complaint and asked for
24  information documenting the percentage of ozone that is pumped into the casino.  Such an
25  inquiry is allowed through OSHA's field operations procedures.  OSHA was satisfied with the
26  employer's response until it received yet another complaint on July 22, 2010.

27      12.      I concluded that these complaints present reasonable grounds to believe that
28  violations of mandatory occupational safety and health standards and/or Section 5(a)(1) of the

1   Act exist or existed at the workplace.  Accordingly, on July 29, 2010, a duly authorized
2   compliance officer of OSHA visited the worksite of Desert Diamond Casino for the purpose of
3   conducting an inspection of the worksite.  The compliance officer conducted an opening
4   conference with several representatives of the employer to investigate the claims asserted in the
5   employees' complaints.  The compliance officer produced a copy of the June 2, 2010 employee
6   complaint and spoke with the following persons:  Michael Chana, Manager on Duty; Richard
7   Masterson, Director of Facilities; Henry Childs, General Manager; Randy Howe, Construction
8   Manager; Britt E. Clapham II, Assistant General Counsel; Edward Manuel, Assistant Security
9   Director; and Nicole Amarillas, EMS Safety Manager.  The compliance officer was denied entry,
10  was told to produce a warrant for inspection, and was told that they wanted to follow procedures
11  set by the Tribal Nation.

12      13.     The compliance officer explained that OSHA possesses jurisdiction over Tribal
13  Lands and urged them to reconsider.  She was unable to inspect the employer's worksite.

14      14.     As of the date of this declaration, the employer has refused to allow OSHA to
15  enter its premises to conduct an investigation into the circumstances surrounding the existence of
16  hazardous conditions.

17      15.     An inspection warrant is, therefore, necessary to obtain entry into the worksite
18  without delay, as contemplated by the Act.  Accordingly, application is hereby made for an
19  administrative warrant that would authorize such inspection.

20      16.     Under Section 5 of the Act, 29 U.S.C. § 654, each employer is under a duty to
21  provide safe and healthful employment free from recognized hazards and in compliance with the
22  safety and health standards promulgated under the Act.

23      17.     Based on my experience and training and the information provided to me to date,
24  I believe hazardous conditions exist on Desert Diamond Casino's premises in violation of
25  Section 5 of the Act.

26      18.     As the representative of the Secretary who has been designated to seek
27  compulsory process on her behalf, I affirm that this *ex parte* inspection warrant is being sought
28  ///

DECLARATION OF NANCY MCCORMICK IN SUPPORT OF *EX PARTE*        Page 4 of 5
APPLICATION FOR INSPECTION WARRANT

1     pursuant to the authority granted by the Act and is necessary to the enforcement of the Act.

2        I swear under penalty of perjury under the laws of the United States that the foregoing is

3     true and correct to the best of my knowledge, and that this document was executed on this  /2

4     day of August 2010, in SN FRANCISCO California.

5

6

7                                   NANCY MCCORMICK

8                                   Acting Assistant Regional Administrator
                                    for Enforcement Programs

9

10                               Occupational Safety and Health Administration
                              United States Department of Labor

11                               90 Seventh Street, Suite 18100
                              San Francisco, CA  94103

12                               Phone:  415-625-2530

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28